UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) ) ) V. ) ) ROBERT KNOWLES, ) Defendant, ) ) | CRIMINAL NO. 04-30019-MAP |

## DEFENDANT'S MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE

The defendant, Robert Knowles, by and through his attorney, and moves this court, pursuant to the Fifth Amendment to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure and Rule 116.1 of the USDC Local Rules that the Court order the government to furnish to the defendant, prior to trial all information or evidence of an exculpatory nature or which is favorable to the accused.

The defendant recognizes that Rule 116.1 of the USDC Local Rules provides for a general duty of disclosure of exculpatory evidence by the government. The defendant also recognizes however, that case law, including United States v. Agurs, 427 U.S. 92 (1976) has imposed upon the defendant a duty to make specific requests for exculpatory evidence and imposes different legal standards on review of the government's failure to provide such exculpatory evidence based upon the specificity of the request. According, defendant particularizes his general request without limiting it to the following items:

1. Any statements or other evidence which would tend to show that the accused did not commit the offense charged or which would provide any support for any defense to the alleged rime such as entrapment, procuring agent or the like.

2. Any evidence which would tend to show that, if the accused committed an offense, it was an offense lesser than the offense charged.

3. Any evidence which can be utilized for the purpose of impeaching the credibility of witnesses the government intends to rely on in support of the matter s referred to in the indictment.

4. The full record of any arrests, pending cases, and criminal convictions including but not limited to, rap sheets of any witness who the prosecution intends to call in it case- in-chief, and in particular of any an all accomplice witnesses or unindicted co-conspirators.

5. Any and all records and information revealing prior or subsequent misconduct or bad acts attributed to

   (a) any witness who the prosecution intends to call in its case-in-chief, and

   (b) any and all informants, alleged accomplice witnesses or unindicted coconspirators.

6. A full and complete statement of all promises, considerations, rewards, benefits, or inducements made of any kind by the prosecution, it prosecutors, its agents, or its agencies

   (a) to induce or encourage the testimony cooperation of any witness called by the prosecution in its case-in-chief;

   (b) to induce or encourage the testimonial cooperation of any witness called by the prosecution to the Grand Jury;

   (c) to family or persons of concern to any such witness described in subparagraphs (a) an (b) above;

   (d) to any alleged accomplice witness or unindicted co-conspirator.

By "considerations," the accused refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to family of persons of concern to the witness. This request includes criminal, tax or civil immunity, assistance in any criminal, parole probation, pardon, clemency tax or civil administrative legal dispute with the prosecution or private parties; consideration regarding potential forfeiture of assets or potential tax assessments, liens, a levies; immigration matters; and all other considerations made by the prosecution to a witness or other person which would generate or reveal a bias in favor of the prosecution.

7. Any evidence in the possession of the prosecution, which would tend to prove a bias or motive by any witness the prosecution, intends to call in its case-in-chief against the accused.

8. Any and all threats, express or implied, direct or indirect, or other coercion or inducement made or directed by any agent or employee of the prosecution or by any local or state or federal law enforcement or prosecutorial agency working with the prosecution against

    (a) any witness the prosecution intends to call in its case-in-chief;

    (b) family members or persons of concern to any such witness;

    (c) any witness called to the Grand Jury. This request specifically includes the details of any and all criminal prosecutions, investigations, or potential prosecutions pending or which would be brought against such persons; any and all probationary parole, deferred prosecution or custodial status; any and all civil, tax, tax court, court of claims, administrative or other pending or potential legal disputes or transactions with the prosecution or over which the prosecution has real, apparent or perceived influence. By "inducement" is meant all things of value to the person sought to be induced, including, but not limited to the following specifics:

    (i) Threats to prosecute for crime;

    (ii) Threats to investigate for crime;

    (iii) Threats to deprive of income, profession or reputation;

    (iv) Threats to injure either the person himself or any other person;

    (v) Threats to increase sentence in pending prosecution or conviction;

    (vi) Threats to inform judges of lack of cooperation;

    (vii) Threats to inform others of misconduct;

    (viii) Promises of immunity from prosecution;

    (ix) Promises to reduce the number or seriousness of pending or proposed charges;

    (x) Promises of leniency or promises to recommend leniency in federal, state or local prosecution or to inform anyone of the witness's cooperation;

    (xi) Promises of fees, compensation, expenses or negotiable paper or assistance in securing or maintaining the business or employment of a witness;

    (xii) Promises of protection and/or new identity for self, family or others;

    (xiii) Promises of adjustments to income taxes, or accrued interest or penalties;

    (xiv) Promises with respect to place of incarceration;

    (xv) Promises with respect to licensing, certification or registration;

    (xvi) Any money or property paid, given or promised to any government witness including expense reimbursements, rewards subsistence, or entertainment.

  11. A full and complete statement of the details of any and all information known to the prosecution of criminal involvement by any witness it intends to call in its case-in-chief and any witness called before the grand jury including the following:

    (a) Evidence of criminal conduct for which no conviction has resulted and specifically includes the dates, times, location charges and alleged participants in the criminal activity. This request applies to all known criminal conduct regardless of whether said crimes are the subject of any explicit promises, rewards, or inducements by the production to said witness;

    (b) Any documents or memoranda reflecting evidence of information regarding such criminal conduct;

    (c) As to each such crime, a statement indicating:

      (i) Whether any plea bargain, agreement or arrangement was entered into by such person, the details of any such bargain or agreement; and the outcome of such bargain, agreement or arrangement;

      (ii) Whether the persons has an expectation of leniency whether induced by the government or not;

      (iii) Whether any potential or actual criminal charge against such persons was abandoned, altered or otherwise not made against said persons at the time that he or

she was assisting, or was solicited to assist, or had completed assisting this prosecution or the United States government or any other governmental unit or agency;

    (iv) The names and addresses of the individual representatives of the United States government or any other governmental unity or agency who entered into any bargains, agreements or arrangements as discussed in paragraph (i) above or who was responsible for abandoning, altering or otherwise not bringing any charges as discussed in paragraph (iii) above, and the authority or guidelines utilized by said representatives in entering into any bargain, agreement or arrangement as discussed in paragraph (i) above or in abandoning, altering or otherwise not bringing any charges as discussed in paragraph (iii) above.

  12. A full and complete list of any and all payments made to any witness who the prosecution intends to call in its case-in-chief or has called to the grand jury from any prosecution agency, regardless of whether or not said payments were rewards, fees, expense payments, or security payments. (This request specifically includes payments made from police department or regional task force drug funds).

    (a) If such payments were made, the precise arrangements, rewards or compensation, financial or otherwise, that such persons has, will or expects to receive from the government, or any other government agency or unit, and what such persons must do to fulfill his or her end of the arrangement, and when such arrangement was reached;

    (b) The names and addresses of the individual representatives of the government or any other governmental unit or agency who entered into this agreement or arrangement with such person as discussed above, and this individual representative's authority and the procedures, standards, guidelines and the like utilized in entering and fulfilling such an agreement or arrangement, including but not limited to agency guidelines pertaining to the disbursement of any monetary funds, and the name and title of the individual who will determine what disbursements have been, are, or will be made;

    (c) when such persons were told of the precise arrangements and in what details.

13. Any evidence which may be used to impeach or discredit any witness the prosecution intends to call at the trial of the witness the prosecution intends to call at the trial for the above-captioned matter, particularly, but not exclusively, any and all written or oral statements or utterances, formal or informal, made to the prosecution, its agents and representatives by any persons which are

    (a) In any way conceivably contrary to or inconsistent with the testimony or expected testimony of that person or any other person whom the prosecution intends to call a as witness at trial or

    (b) Which otherwise reflects upon the credibility, truthfulness competency, bias or motive of prosecution witnesses.

14. All relevant statements, trial testimony, grand jury testimony and handwritten or informal notes of interviews in the possession, custody or control of the prosecution which were made by any person who is a witness or prospective witness in this case which was made or given either (a) prior to the time such person was a prospective witness in this case, or (b) in connection with an investigation or proceeding other than this case, if any such material is consistent with the expected testimony of the prospective witness or can be used for purposes of impeachment.

15. The same records and information requested in Items 4 through 14 above with respect to each non witness declarant whose statmeents are to be offered into evidence.

16. Any and all statements, formal or informal, oral or written, by the prosecution, its agents and representatives, to any person (including counsel for such persons) whom the prosecution intends to call as a witness at trial pertaining in any way to the possibility, likelihood, course or outcome of any prosecution action, state or federal, civil or criminal, or immigration matters against the witness, or anyone associated in business with the witness or any corporation,

partnership, joint venture or other association employing the witness or in which the witness had an interest.

        Respectfully submitted,

        THE DEFENDANT

By: ALAN JAY BLACK, His Attorney
    1383 Main Street
    Springfield, MA 01103
    (413) 732-5381
    BBO# 553768

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) ) | |
| V. | ) ) ) | CRIMINAL NO. 04-30019-MAP |
| ROBERT KNOWLES, Defendant, | ) ) ) | |

## MEMO IN SUPPORT OF MOTION FOR SPECIFIC DISCLOSURE OF EXCULPATORY EVIDENCE

Now comes the defendant in the above-entitled indictment and makes a specific request for exculpatory evidence pursuant to U.S. v. Agurs, 427 U.S. 97 (1976). In the pretrial context, Brady material is defined as "all evidence relating to guilt or punishment which might reasonably is considered favorable to the defendant's case." United States v. Sudikoff, 36 F. Supp. 2d 1195, at 1199 (CD CA 1999). This of course includes impeachment material. Giglio v. United States, 405 U.S. 150, 154-155 (1972). Doubts as to the usefulness of the evidence to the defense should be resolved in favor of full disclosure. Id.

In Sudikoff, the court held that:

> ...proffers of an accomplice that led to a leniency agreement and information that reveals the negotiations pursuant to which that agreement was reached might reasonably be considered favorable to the defendant's case. This is for two reasons. First, to the extent the proffers and other information reveal that the witness's proposed testimony may have varied over time, they may reveal inconsistencies relevant to the accomplice witness's credibility and within the scope of Brady. Second, to the extent the proffers and other information reveal the accomplices witness's motives and desire to seek an immunity agreement, they are relevant tot the witness's credibility and with the scope off Giglio.

36 F. Supp. 2d at 1201-1202.

A proffer made by an accomplice witness's attorney is not exempt from disclosure as exculpatory evidence on the grounds of attorney-client privilege or confidentiality because such proffers are intended to be conveyed to the government. United States v. Oloyede 982 F. 2d 133, 141 (1993( (communications intended to be conveyed to the INS are not privileged); United States v. De La Cruz, 996 F. 2d 1307, 1312 n. 1 (1st Cir. 1993) (Unlikely that government can avoid its Brady obligations by promising that it will treat information obtained in an interview as confidential); Sudikoff, 36 F. Supp. At 1204-1205).

The disclosures sought by the defendant should be disclosed well in advance of trial pursuant to Local Rule 116.1 rather than under the more restricted timing implemented by the Jencks Act. United States v. Snell, 899 F. Supp. 17, 21-22 (Mass. 1995); United States v. Hastings, 847 F.2d 920, 928 n.8 (1st Cir. 1988) ("We fully agree with the district court that it would have been an intolerable travesty had the defendant pled guilty before learning about the rewards and inducements evidence which the government possessed.").

Respectfully submitted,
THE DEFENDANT

By: ALAN JAY BLACK, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5381
BBO# 553768