UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES )
OF AMERICA )
)
)
)   CRIMINAL NO. 04-30019-MAP
V. )
)
ROBERT KNOWLES, )
    Defendant, )
_____)

## DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION

The defendant, Robert Knowles, by and through his attorney, and moves this court, pursuant to the Fifth Amendment to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure and Rule 116.1 of the USDC Local Rules that the Court order the government to furnish to the defendant, prior to trial the following items of discovery:

1. All written and recorded statements of the defendant and any oral statements not reduced to writing which the government will seek to introduce at trial or which are exculpatory in nature.

2. The same information as requested in paragraph 1, supra, for every co-defendant and/or co-conspirator named in the indictment.

3. All reports and results of scientific tests and examinations including specifically the expert's notes, logs, charts, work papers and raw test results and underlying data.

4. To disclose any of the following papers, books, writings and documents in the possession, custody or control of the government, regardless of whether the government intends to offer them in its case-in-chief:

    (a) Any and all telephone toll records in its possession, of any telephone subscribed to by the accused, or any member of the family:

    (b)    Any and all telephone toll records which were acquired as a result of the investigation of the accused;

    (c)    Any documents acquired from the accused;

    (d)    Any documents acquired from any source relating to the accused;

    (e)    Any and all police reports and investigative reports, including but not limited to surveillance logs or documents reflecting the whereabouts of the accused at any time relevant to the indictment;

    (f)    Any and all documents that reflect surveillance of the accused, his residence, vehicle or business;

5.    That the Court order the government to disclose whether or not any identification procedure has been used in an attempt to elicit photographic, corporeal, voice or other identification of the accused, and if so;

    (a)    The name and addresses of each identification witness;

    (b)    The method of identification;

    (c)    The name and address of each law enforcement officer who participated in or was present at the identification procedure;

    (d)    All reports relating to the identification procedure used;

6.    To disclose the following:

    (a)    Whether any electronic tracking devices ("beepers") were used in the investigation of this case. If so, defendant moves that he be provided with copies of:

        (i)    Any application and order authorizing the use of such device including applications for extension, orders for extension and periodic reports;

        (ii)    The dates, times and locations where such devices were utilized;

        (iii)    The target of such device or devices; and

        (iv)    Any reports made relating to the installation and monitoring of such devices.

  (b) A statement as to whether "clone beepers" were acquired and used in connection with the investigation. If so, the defendant requests that he be provided with the following:

    (i) Copies of any applications, affidavits, and orders obtained for such clone beeper including any renewals;

    (ii) All memorandum and reports reflecting the numbers obtained through use of the clone beeper; and

    (iii) Copies of records showing the person listed to said telephone numbers;

  (c) Whether any "mail covers" were utilized in this investigation. If so, defendant moves that he be provided with:

    (i) The extent and duration of each mail cover;

    (ii) The circumstances under which it was instituted, including the names and positions of all persons who authorized it;

    (iii) The procedure by which it was instituted, including the names, and positions of all persons involved therein;

    (iv) The purported justification for its institution;

    (v) The information it produced; and

    (vi) The names and positions of all persons to whom such information was transmitted and the date of its transmission.

  (d) Whether any devices to record telephone numbers dialed or pulsed from a particular telephone (pen register) were utilized in connection with this investigation. If so, defendant moves that he be provided with:

    (i) Telephone number or numbers and subscribers as to which each such device was utilized and the dates and duration of use;

    (ii) Any application, affidavit, and order authorizing the use of such devices including any applications and orders for extension and periodic reports;

      (iii) Copies of each machine print-out showing the date, time and numbers dialed or pulsed; and

      (iv) Copies of any records showing the names and addresses of the telephone subscribers of the target numbers.

all information or evidence of an exculpatory nature or which is favorable to the accused.

   (e) A statement as to whether video camera surveillance was used in connection with the investigation, which generated this indictment. If so, defendant moves that he be provided with the following:

      (i) The dates, times and places of each such surveillance;

      (ii) The location of the camera as to each such surveillance;

      (iii) A description of the field of view of the camera as to each such surveillance;

      (iv) Copies of all applications for judicial authorization for the use of such video camera surveillance, including affidavits submitted;

      (v) Copies of all judicial orders or authorizations issued in connection therewith and any periodic reports generated;

      (vi) Copies of the videotapes made; and

      (vii) Copies of any logs kept in connection with such surveillance.

   (f) Whether telephone traps or other electronic surveillance devices were employed in connection with this investigation, which revealed the telephone number of the party making calls to a target line. If so, to require the government to produce all records related to the acquisition and fruits of such" trap".

   (g) Whether any searches were conducted, whether by warrant or not, which resulted in the seizure of any item which the government intends to introduce at the trial of this indictment or which produced information or evidence used as a basis for any court authorized searches or surveillance. If so, defendant moves that he be provided the following:

      (i) The date, time and location of each such search;

     (ii)  If the search was made pursuant to a warrant, copies of the application, affidavit, search warrant, return and any reports concerning the conduct of the search;

     (iii)  Copies of documents seized and the right to inspect any items seized; and

     (iv)  The identity of the individual, automobile or premises from which the items were seized.

  7.  A list of the names and addresses, dates of birth and all written or recorded statements of any prospective government witness; together with the probation records/presentence reports of all potential witnesses, specifically exculpatory portions thereof.

  8..  Copies of defendant's prior criminal record.

9. A statement as to whether any local and/or state law enforcement officials participated in the investigation of this case and, if so, copies of any reports generated by them.

          Respectfully submitted,

          THE DEFENDANT

          By: ALAN JAY BLACK, His Attorney
              1383 Main Street
              Springfield, MA 01103
              (413) 732-5381
              BBO# 553768

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES )<br>OF AMERICA )<br> )<br> )<br> ) | CRIMINAL NO. 04-30019-MAP |
| V. )<br> )<br>ROBERT KNOWLES, )<br>    Defendant, )<br> ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION

The defendant is entitled to the above requested information under Rule 16 of the Fed.R.Crim.P., the Fifth Amendment of the United States Constitution, Brady v. Maryland, 373 U.S. 83 (1963) and by Sec. 116.1 of the USDC Local Rules.

Consequently, this motion seeks to obtain the above requested information.

Respectfully submitted,

THE DEFENDANT

By: ALAN JAY BLACK, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5363
BBO# 553768