

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 4, 2004

Attorney Alan Jay Black
1383 Main Street
Springfield, MA 01103

    Re:  United States v. Robert Knowles
         Criminal No. 04-30019-MAP

Dear Attorney Black:

   Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

    a.   Written Statements

    Enclosed are the following relevant written and oral statements made by the Defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

        1. Palmer Police Department Report (Ref. # 03-277-of) authored by Sergeant Christopher Burns, containing a statement by the Defendant (two pages; dated 4/21/2003).

        2. Palmer Police Department Advice of Rights Form signed by Robert Knowles (one page; dated 4/21/02).

        3. Palmer Police Department Report (Ref. # 03-205-AR) authored by Sergeant Christopher Burns containing

statements made by the Defendant (six pages; dated 4/21/03)

4. Palmer Police Department Report (Ref. # 03-205-AR) authored by Officer John Melnick containing statements made by the Defendant (one page; dated 4/21/03).

5. Palmer Police Department Report, Suicide Evaluation Form (one page; dated 4/21/03).

    b.    Recorded Statements

There are no relevant recorded statements of the Defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    Grand Jury Testimony of the Defendant

The Defendant did not testify before a grand jury in relation to this case.

    d.    Oral Statements to Then Known Government Agents

See above response in Paragraph A(1)(a)

2.    Defendant's Prior Record under Rule 16 (a)(1)(B)

Enclosed is a copy of the defendant's prior criminal record.

3.    Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(D)

A copy of the (1) ballistician's report, and (2) latent print examiner's report, will be provided to you upon receipt by this office.

B.    Search Materials under Local Rule 116.1(C)(1)(b)

A search warrant was executed at "49 Quaboag Valley Co-Op, Three Rivers, MA" on April 21, 2003. Copies of the search warrant, application, affidavit, and return are enclosed.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

There is no conspiracy count charged in the indictment.

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have no information indicating that the defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant. In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

   1.   The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

   2.   The government is unaware of any information not contained in the affidavit for the search warrant, listed above and enclosed, that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-

chief and that could be subject to a motion to suppress or exclude.

    3. The undersigned U.S. Attorney is unaware of any promises, rewards, or inducements that have been given to any witness whom the government anticipates calling in its case-in-chief.

    4. The government is aware that the following named case-in-chief witness has a criminal record: Raymond Frazier (criminal record enclosed).

    5. The government is unaware that any named case-in-chief witnesses has a criminal cases pending.

    6. No named percipient witnesses failed to make a positive identification of a defendant with respect to the crimes at issue. No identification procedure was used in this case.

    7. Government intends on calling the following civilian witnesses in its case-in-chief:
        Raymond Frazier (12/30/82); Linda Y. Baron (9/19/52)

H.   Other Matters

    The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

    The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    The Government may call (1) a ballistician and (2) a latent print examiner, to testify as an expert witness in its case-in-chief. The Government will notice Counsel for Defendant of the identify, qualifications, and substance of the respective witnesses at least thirty days before trial.

    Please call the undersigned Assistant U.S. Attorney at (41)785-0106 if you have any questions.

                    Very truly yours,

                      MICHAEL SULLIVAN
                      United States Attorney

```
                    By:   s/ Paul Hart Smyth
                          _____
                          PAUL HART SMYTH
                          Assistant U.S. Attorney


cc:   Bethany Healey,
      Clerk to the Honorable Kenneth P. Neiman
      (w/o enclosure(s))
```