1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-30019-MAP

UNITED STATES OF AMERICA )
)
)
V. )
)
)
)
ROBERT KNOWLES, )

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS SEARCH

### ARGUMENT
### Issue Presented

Did the Palmer Police violate the Defendant's Constitutional rights under the IV and XIV Amendments to the U.S. Constitution?

### Discussion

The facts in this case, are simply that an individual who is known to the police as a person with a substantial criminal record complained that the defendant used a gun on him and broke into his parent's house. He further stated to the police that he and the defendant had burglarized houses together. Based upon this and the defendant's criminal record, the police obtained a warrant to search the defendant's home.

Under the principles announced in Aguilar v. Texas, 378 U.S. 108 (1964) and Spinelli v. United States, 393 U.S. 410 (1969), the government in an application for a search warrant used to be required to show that an informant was reliable and the basis of knowledge for their information. In Illinois v. Gates, 462 U.S. 213 (1983), the Supreme Court put forth a totality of circumstances test where reliability and basis of knowledge are just factors in examining the

2

totality of circumstances to determine whether the government had sufficient probable cause for the issuance of a search warrant.

In the case at hand, where the only information the police had was a statement from a person who is an acknowledged criminal and admittedly a partner in crime with the defendant, the reliability of the informant was not established. Under the Fourth Amendment of the United States Constitution, which is applicable to the states by virtue of Mapp v. Ohio, 367 U.S. 643, 81 (1961), no search warrant may issue unless probable cause is shown.

The standard of probable cause has been defined as existing if the facts and circumstances within the officer's knowledge, and of which he has reasonable trustworthy information are sufficient to persuade a man of reasonable caution that a crime has been committed and the secreting of evidence in a specific place. United States v. Harris, 403 U.S. 573 (1971).

In regard to probable cause to support the issuance of a search warrant, the Fourth Amendment requires that the supporting affidavits set forth facts sufficient to allow a neutral magistrate to reasonably conclude that the property sought is located on the premises at the time that the warrant issues. United v. Salvucci, 599 F.2d 1094 (1st Cir. 1979). In the case at hand there was no probable cause for the magistrate to issue the warrant.

It is the contention of defense counsel that all evidence seized from the defendant is in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

The United States Supreme Court mandates the exclusion of all fruits or instrumentalities of an illegal search. Wong Sun v. United States, 371 U.S.471 (1963). Therefore, any fruits of this illegal search must also be suppressed.

Conclusion

For the foregoing reasons, the defendant requests the Court to set a hearing on the foregoing Motion and upon hearing, enter an order suppressing all evidence obtained against

3

ROBERT KNOWLES, either directly or indirectly as a result of the illegal search and seizure of the defendant's residence in Three Rivers, MA for the reasons set forth herein and on any other or additional grounds that may be adduced at hearing.

          Respectfully submitted,

          THE DEFENDANT

          By: _____
          ALAN JAY BLACK
          1383 Main Street
          Springfield, MA 01103
          (413) 732-5381
          BBO# 553768