UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-30019-MAP

UNITED STATES OF AMERICA )
)
)
V. )
)
)
ROBERT KNOWLES, )

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Now comes the defendant in the above-entitled matter and states that on April 21, 2003 at approximately 3:05 in the morning he was arrested while at his residence. While in custody and prior to Miranda warnings being read, Sgt. Christopher Burns of the Palmer Police Department questioned the defendant. As a result of the interrogation, the police discovered evidence, which will be used against him at trial. This statement also led to a subsequent statement, which was made while under arrest at the police station. No written Miranda waiver has been produced to counsel at the time of the preparation of this motion concerning the first statement. Miranda v. Arizona, 384 U.S. 436 (1966).

As a result of said interrogations, the defendant allegedly made oral statements that were reduced to writing by his interrogators and which the defendant anticipates will be used against him at trial of these indictments.

The defendant contends that the above described statements were obtained illegally and in violation of the rights guaranteed him by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution for the following reasons:

1. The interrogation was not preceded by adequate Miranda warnings, Miranda v. Arizona, 384 U.S. 436 (1966);

2. The statement was not voluntary beyond a reasonable doubt;

3. Any waiver of the defendant's rights under Miranda was not knowing, intelligent and voluntary beyond a reasonable doubt, Miranda v. Arizona, 384 U.S. 436 (1966);

4. The initial statement led to a second statement and the discovery of some physical evidence, all of which must be suppressed as fruits of the original search and pursuant to Wong Sun v. United States, 371 U.S. 471 (1963).

WHEREFORE, the defendant requests that this Honorable Court enter an order prohibiting the Commonwealth from using any statements or other evidence obtained either directly or indirectly as a result of the above described illegal interrogation.

Respectfully submitted,

THE DEFENDANT

By: _____
Alan Jay Black, His Attorney
1383 Main Street
Springfield, MA 01103
(413) 732-5381
BBO# 553768