UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-30019-MAP

UNITED STATES OF AMERICA )
)
)
V. )
)
)
ROBERT KNOWLES, )

## MEMO IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS STATEMENT

In the case at hand, under Miranda v. Arizona, 384 U.S. 436, 444 (1966), the Palmer Police Department was required to read warnings to the defendant immediately upon arrest at the defendant's house. Although Sergeant Burns testified that Miranda was read at the house there is nothing in discovery provided to the defense that would indicate that this did occur. Id. As a result of this the defendant made an initial statement at his house, which was a product of a custodial interrogation. As a result of this first statement, the police obtained information necessary to find certain physical evidence and contributed to information necessary in the taking of the second statement, which led to an admission on the part of the defendant. Both the evidence seized and the second statement must be suppressed under Wong Sun v. United States, 371 U.S. 471 (1963).

### DISCUSSION OF LAW

Illegal confessions, whether obtained in violation of the Fourteenth Amendment due process clause, the Sixth Amendment right to counsel or the Fifth Amendment privilege against

self-incrimination is inadmissible against the confessor as evidence of guilt. The Fifth Amendment provides that "no person shall be compelled in any criminal case to be a witness against themselves." The Supreme Court in Miranda v. Arizona, 384 U.S. 436 (1966), "presumed that interrogation in certain custodial circumstances is inherently coercive and that statements made under these circumstances are inadmissible unless the suspect is specifically informed of his Miranda rights and freely decides to forgo those rights." New York v. Quarles, 467 U.S. 649, 654 (1984).

Discovery provided indicates that on April 21, 2003 the defendant was interrogated by Sergeant Christopher Burns of the Palmer Police Department. It is alleged that the defendant made various oral statements relative to this case while he was interrogated by Sergeant Burns. Specifically the defendant admitted to owning a weapon located in a safe in his room.

Any statements, admissions or confessions were obtained in violation of the defendant's privilege against self-incrimination and his right to counsel as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

Any statements, admissions or confessions were obtained in violation of the rights secured for the defendant by the Supreme Court holdings in Miranda v. Arizona, 384 U.S. 436, 444 (1966). Any statements, admissions or confessions made by the defendant at the time of his arrest require exclusion. Miranda rights apply to custodial situations only. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation is defined by Miranda as a questioning or its functional equivalent initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Miranda, at 444. In this case, Mr. Knowles was under arrest, without an attorney and without Miranda rights being advised, and answered questions put to him by Palmer Police Officers. Id.

In the case at hand, the defendant was arrested subject to a search warrant and was most decidedly in custody from the outset. During the search the defendant was not free to go, therefore Miranda had to be given in this case. Miranda at 444.

Accordingly, as the first statement Miranda warnings were not give and further both statements were not voluntarily given, the defendant requests that this Honorable Court enter an order prohibiting the from using any statements or other evidence obtained either directly or indirectly as a result of the above described illegal interrogation. Id.

Respectfully submitted,

THE DEFENDANT

By: _____
ALAN JAY BLACK, His Attorney
1383 Main St.
Springfield, MA 01103
(413) 732-5381
BBO# 553768

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-30019-MAP

UNITED STATES OF AMERICA )
)
)
)
V. )
)
ROBERT KNOWLES )
)

## CERTIFICATE OF SERVICE

I, ALAN J. BLACK, attorney for the DEFENDANT, hereby certify that I have served a copy of the attached Motion to Suppress the Unlawful Search and Seizure, Memorandum in Support of Motion to Suppress the Unlawful Search and Seizure, Defendant's Motion to Suppress Statements, and Memo in Support of Motion to Suppress Statements, on the Commonwealth by delivering in hand, on this 1st day of December 2004, to Paul Smyth, Assistant U.S. Attorney, 1550 Main Street, Springfield, MA 01103.

Respectfully Submitted,
THE DEFENDANT

By: _____
Alan J. Black, Esq.
1383 Main Street
Springfield, MA 01103
Phone: (413) 732-5381
Fax: (413) 739-0046
BBO# 553768