UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
                            )
        v.                  )
                            )    CRIMINAL NO. 04-30019-MAP
                            )
ROBERT KNOWLES,             )
        Defendant           )
```

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MOTION TO SUPPRESS STATEMENT

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following opposition to the Defendant's Supplemental Motion to Suppress Statement.

### Issue

The supplemental filings address the admissibility of the Defendant's statement, "No, I don't have no fucking guns. Go ahead and look wherever you want." This statement was made in response to Sergeant Burns' question, "Are there any guns in the house?"

### Summary of Argument

The Defendant's statement is admissible as both (1) a valid waiver of Miranda[1], and (2) an exception to Miranda. First, the Defendant, having been advised of his Miranda rights, implicitly

---

[1] Miranda v. Arizona, 384 U.S. 436, 475 (1966)

1

waived Miranda by answering the question.  Second, the Defendant's response is admissible under the public-safety exception to Miranda, since Sergeant Burns's question was proper to ensure the safety of the searching officers.

## Argument

1. **After Receiving Miranda Warnings, the Defendant Waived Miranda by Choosing to Respond to Sergeant Burns's Question**

The Court's decision in Miranda v. Arizona established an individual's right to make a knowing, intelligent, and voluntary choice between speech and silence when subject to custodial interrogation.  384 U.S. 436, 475 (1966).  See Connecticut v. Barrett, 479 U.S. 523, 528 citing Moran v. Burbine, 475 U.S. 412, 426 (1986) ("Miranda attempted to reconcile [competing] concerns by giving the defendant the power to exert some control over the course of the interrogation") (emphasis in original); Oregon v. Elstad, 470 U.S. 298, 308 (1985) ("Once warned, the suspect is free to exercise his own volition in deciding whether or not to make a statement to the authorities").  The Supreme Court has refused to adopt a *per se* rule that requires police to obtain an explicit waiver to Miranda.  North Carolina v. Butler, 441 U.S. 369, 375-76 (1979).  An individual may implicitly waive Miranda rights by responding to questions or volunteering statements. Bui v. DiPaolo, 170 F.3d 232, 239-41 (1st Cir. 1999).  Here, the Defendant implicitly waived Miranda by answering Burns' question regarding the presence of firearms after Burns advised the

Defendant of his Miranda rights.[2]  Id.

Since a suspect may not implicitly exercise his right to counsel under Miranda, this Court should not allow the Defendant to silently exercise his right to be silent.  United States v. Davis, 512 U.S. 452, 459 (1994) (in order for defendant to invoke his Miranda-based right to counsel, a suspect must unambiguously request counsel).  See Bui, 170 F.3d at 239 ("every Circuit that has addressed the issue squarely has concluded that Davis applies to both components of Miranda: the right to counsel and the right to remain silent").  For counsel to argue the Defendant reserved his right to remain silent by answering a question is inconsistent with Miranda and its progeny.

In determining whether the Defendant effectively waived Miranda by responding to Burns' question, this Court should also consider that the Defendant explicitly waived Miranda minutes after telling Burns that there were no firearms in the trailer by claiming "I know my rights and I don't need no fucking piece of shit lawyer."  Furthermore, Burns testified that the Defendant never asserted any rights under Miranda.  Hr'g Tr. at p.37.  The Defendant's criminal record also demonstrated his awareness of

---

[2] The Defendant's supplemental motion misstates the evidence by asserting that Burns asked the Defendant if there were any firearms in the trailer before advising the Defendant of his Miranda rights.  Burns's unchallenged testimony was that he gave Miranda warnings to the Defendant before asking him any questions.  See Transcript of Defendant's Suppression Hearing (March 2, 2005), pages 9-10; 27-29 (hereinafter referred to as "Hr'g Tr."

his rights he waived by answering Burns' question. United States v. Palmer, 203 F.3d 55, 61 (1st Cir. 2000).

2. **The Defendant's Falls Within the Public Safety Exception to Miranda**

The statement is admissible under the public-safety exception to Miranda. In New York V. Quarles, the Supreme Court held that responses to questions which are reasonably prompted by a concern for safety fall outside the ambit of Miranda. 467 U.S. 649, 657-59 (1984). Here, the Palmer Police officers who executed the search warrant entered Knowles's residence at 3 am with the reasonable believe that Knowles was armed with a handgun. In addition, Sergeant Burns knew that Knowles had been convicted of violent crimes, including assault with a dangerous weapon (handgun), illegal possession of a firearm, assault and battery with a dangerous weapon, armed robbery, armed assault in a dwelling.[3] Burns's knowledge of Knowles's violent history justifies Burns's concern for the officers's safety. Since Burns' question to Knowles as to the presence of firearms was reasonable to protect the officers's safety, the Defendant's statements are admissible. Id. See United States v. Fox, 393 F.3d 52, 60 (1st Cir. 2004).

**CONCLUSION**

---

[3]Sergeant Burns detailed Knowles's violent history in the search warrant affidavit (Exhibit 1) as a basis for seeking a "no-knock" warrant.

4

The government respectfully requests the Court to deny the Defendant's Motion to Suppress Statements.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  s/s Paul Hart Smyth
      _____
      Paul Hart Smyth
      Assistant U.S. Attorney

Dated: March 31, 2005